**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| |
|---|
| WALDEMAR ORTIZ COLON, ET AL.<br><br>    Plaintiffs,<br><br>       v.<br><br>COMMONWEALTH OF PUERTO RICO PUBLIC WORKS AND TRANSPORTATION DEPARTMENT, ET AL.,<br><br>    Defendants. |

CIV. NO. 05-2229(PG)

**OPINION AND ORDER**

Before the Court is co-defendants' the Commonwealth of Puerto Rico and Gabriel Alcaraz' Motion to Dismiss (Docket No. 5.) For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** defendants' motion.

**BACKGROUND**

Plaintiffs Waldemar Ortiz Colon and Marilett Ortiz Colon (collectively "plaintiffs") filed the above-styled and captioned complaint challenging the constitutionality of the Public Works and Transportation Department's Regulation No. 6230[1], specifically, its Article IX. This regulation establishes the requirements for the issuance of a driver's licence to partially incapacitated persons. Its Article IX imposes certain restrictions to people with visual impairments in order to obtain a driver's license.

The named defendants are the Commonwealth of Puerto Rico; the Public Works and Transportation Department; Gabriel Alcaraz-Emmanuelli, Secretary of the Public Works and Transportation Department; Dr. Juan Rodriguez-Del-Valle, Dr. Roberto Rodriguez, Dr. Manuel Rivera-Badillo, Dr. Rafael Otero, Dr. Ivan Rivera-Soler, and Dr. Ilsa Figueroa, all members of the Medical Board of the Public Works and Transportation Department; and Roberto Sanchez-Ramos, Secretary of Justice.

Plaintiffs bring this civil rights complaint alleging that Regulation No. 6230 infringes their Equal Protection Rights under the Fourteenth Amendment

---

[1] Defendants refer to the regulation at issue as Regulation No. 6280 while plaintiff always refer to it as Regulation No. 6230. The parties do not dispute its contents. Therefore, for purposes of this opinion and order only, the Court will refer to it as Regulation No. 6230.

Civ. No. 05-2229 (PG)                                                    Page 2

to the U.S. Constitution. Plaintiffs also allege that defendants acting pursuant to Regulation No. 6230 have infringed their substantive and due process rights under the Fourteenth Amendment to the U.S. Constitution. Lastly, plaintiffs ask the Court to declare Art. IX of Regulation No. 6230 unconstitutional.

Defendants move to dismiss the complaint pursuant to Rule 12(b)(6) arguing that plaintiff's fail to state a civil rights claim of deprivation of their Equal Protection rights. Furthermore, defendants argue that plaintiffs may not seek redress under 5 U.S.C. §706 as this statute applies only to decisions and actions of federal agencies.

## DISCUSSION

When faced with the task of adjudicating motions to dismiss under Rule 12(b)(6), Courts "must apply the notice pleading requirements of Rule 8(a)(2). Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 66 (1st Cir.2004). "Under that rule, a complaint need only include a short and plain statement of the claim showing that the pleader is entitled to relief ... [which] must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (internal quotations omitted). Indeed, "a court confronted with a Rule 12(b)(6) motion may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id. (quoting Hishon v. King & Spalding, 467 U.S. 69, 73(1984)(quotations omitted).

To prevail in their §1983 claim, plaintiffs must allege:(1) that defendants acted under color of state law and (2) that defendants deprived them of a federally protected right. See Rogan v. City of Boston, 267 F.3d 24, 27 (1st Cir.2001). Having reviewed the complaint, and the opposition to the motion to dismiss, it is clear that plaintiffs have met this initial burden as to the moving co-defendants: the Commonwealth of Puerto Rico and Gabriel Alcaraz. See Educadores Puertorriqueños en Accion, 367 F.3d 61, 68 (1st Cir.2004)("[T]he complaint should at least set forth minimal facts as to who did what to whom, when, where, and why")). Accordingly, at this stage of the proceedings, the Court will not dismiss plaintiffs' §1983 claims as to these

Civ. No. 05-2229 (PG)                                                  Page 3

two co-defendants.

The Court does, however, agree with the moving co-defendants that the Court cannot review the state administrative agencies' actions pursuant to 5 U.S.C. §706. This statute clearly states that it does not apply to agencies of "the governments of the territories or possessions of the United States." 5 U.S.C. § 701(b)(1)(C). Accordingly, to the extent that the complaint seeks relief under 5 U.S.C. §706, it must be dismissed.

### CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** co-defendants' Motion to Dismiss. **(Docket No. 5.)** The Court hereby **DISMISSES WITH PREJUDICE** plaintiffs' claim pursuant to 5 U.S.C. §706.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, March 6, 2007.


                                          S/JUAN M. PEREZ-GIMENEZ
                                          U. S. DISTRICT JUDGE